James G. Edmiston
Shane Colton
EDMISTON & COLTON
310 Grand Avenue
Billings, MT  59101
Email: jim@yellowstonelaw.com
and scolton@yellowstonelaw.com

Phone: 406\259-9986
FAX: 406\259-1094

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| CLIFFORD JOHNSTONE, individually and as Personal Representative of the ESTATE OF GWENDOLYN NANCY JOHNSTONE,<br><br>Plaintiff,<br><br>vs.<br><br>CARY TOEPKE dba GEM CITY MOTORS, or JOHN DOE 1-5 or DOE, INC., dba GEM CITY MOTORS,<br><br>Defendants. | CV _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

For his claim against Defendants, Plaintiff states:

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 1**

## PARTIES

1. Plaintiff, Clifford Johnstone, individually and as Personal Representative of the Estate of Gwendolyn Nancy Johnstone, is now and has been at all times mentioned herein, a citizen of the province of Saskatchewan, Canada.

2. Defendant, Cary Toepke dba Gem City Motors, is now and has been at all times mentioned herein a citizen of the state of Montana. It is alleged upon information and belief that Cary Toepke was the sole owner of Gem City Motors, an automobile dealership located in Sidney, Montana on June 18, 2010.

3. In the event that defendant Cary Toepke was not the sole owner of Gem City Motors, an automobile dealership located in Sidney, Montana on June 18, 2010, then John Does 1 through 5 or Doe, Inc. were the owners of Gem City Motors on June 18, 2010.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction of this action is based upon 28 U.S.C. section 1332, in that this action involves a dispute between a citizen of Canada and a citizen of the United States and claims in excess of $75,000.

5. This Court has personal jurisdiction over Defendant Cary Toepke by reason that he resides in Sidney, Montana in Richland County, and owns an automobile dealership there which he calls Gem City Motors.

6. Venue for this action is proper in this District and Division pursuant to 28 U.S.C. section 1391(a).

7. The relevant acts, decisions, and events giving rise to this claim accrued in Roosevelt County, Montana, and this action is properly filed in the Billings Division.

## FACTS

8. Clifford (Cliff) Johnstone and Gwendolyn (Gwen) Johnstone had just celebrated their 40th wedding anniversary in June 2008.

9. On June 18, 2010, Cliff and Gwen were driving near Culbertson in Roosevelt County, Montana. Gwen was driving their 2007 Hyundai Sante Fe north on Montana Highway 16 and Cliff was riding in the front passenger seat.

10. At approximately 8:40 o'clock a.m. on Montana Highway 16 a 1999 Ford Windstar minivan driven by James Rice was heading south on Montana Highway 16 in the oncoming lane. Near milepost 84.2 the minivan driven by James Rice crossed the centerline and hit the Johnstones' vehicle head on.

11. James Rice was acting in the course and scope of his employment with defendants when the collision occurred. He was transporting the minivan for Gem City Motors.

12. Gwen Johnstone was killed in the collision and Cliff Johnstone was

seriously injured.

## COUNT ONE
### (Negligence)

13. James Rice's negligent driving caused the subject collision.

14. Cliff Johnstone was injured as a result of James Rice's negligence.

15. Defendants are vicariously liable for the negligence of their employee, James Rice.

16. Plaintiff Cliff Johnstone has incurred medical expenses, suffered physical pain and mental anguish, has suffered a reduction in his ability to enjoy life, a change in the course of his lifestyle, and has suffered physical pain and mental anguish.

## COUNT TWO
### (Wrongful Death)

17. Plaintiff brings this wrongful death claim in his capacity as personal representative and beneficiary of the estate of Gwendolyn Johnstone.

18. Defendants are vicariously liable for the negligence of their employee, James Rice, which caused Gwen Johnstone's death.

19. Plaintiff requests an award under §27-1-323, MCA, for "damages under all the circumstances of the case as may be just", including damages for his grief and sorrow, and loss of consortium, comfort, care and companionship of his

soul mate of 40 years.

## COUNT THREE
### (Survivorship)

20. Plaintiff brings this survivorship claim in his capacity as personal representative of the estate of Gwendolyn Johnstone.

21. Defendants are vicariously liable for the negligence of their employee, James Rice, which caused Gwen Johnstone's injuries and death.

22. Plaintiff requests an award of all damages available under §27-1-501, MCA, including medical, funeral and burial expenses, the present value of Gwen Johnstone's reasonable earnings during her life expectancy, and damages for extreme fright, physical pain and mental anguish before death, and any other special damages as may be proven at trial.

## COUNT FOUR
### (Negligent Infliction of Extreme Emotional Distress)

23. James Rice's negligent driving inflicted extreme emotional distress upon Plaintiff Cliff Johnstone from the emotional trauma of witnessing his wife's suffering in the seat next to him coupled with his own severe injuries.

WHEREFORE, Plaintiff requests judgment in his favor as follows in amounts to be determined by the jury at trial:

1. For damages under the wrongful death count to compensate Plaintiff

for all "damages under all the circumstances of the case as may be just", including damages for Cliff Johnstone's grief and sorrow, and his loss of consortium, comfort, care and companionship of his soul mate of 40 years.

2. For damages under the survivorship count to compensate the estate of Gwen Johnstone for the present value of Gwen Johnstone's reasonable earnings during her life expectancy, for medical, funeral and burial expenses, for extreme fright, physical pain and mental anguish before death, and any other special damages as may be proven at trial.

3. For damages to compensate Plaintiff Cliff Johnstone individually for the injuries he suffered to his mental and emotional state and person as a result of Defendants' employee's negligence.

4. For pre-judgment and post-judgment interest, costs, and attorney fees only as may be allowed by law.

**PLAINTIFF DEMANDS A JURY TRIAL**

DATED this 9th day of January, 2012.

/s/ James G. Edmiston
James G. Edmiston
EDMISTON & COLTON
Attorneys for Plaintiff